NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re SAP AMERICA, INC.,**
*Petitioner*

---

2025-132, 2025-133

---

On Petitions for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2024-01495 and IPR2024-01496.

---

**ON PETITION**

---

Before DYK, LINN, and CUNNINGHAM, *Circuit Judges.*

LINN, *Circuit Judge.*

**O R D E R**

SAP America, Inc. petitioned for *inter partes* review ("IPR") of patents owned by Cyandia, Inc. The then-Acting Director of the United States Patent and Trademark Office, through her delegee, the Patent Trial and Appeal Board, denied the petition, concluding such review would be an inefficient use of resources given the progress of parallel district court proceedings between the parties involving the same patent. SAP now petitions for a writ of mandamus.

In February 2024, Cyandia sued SAP alleging patent infringement. SAP responded by asserting affirmative defenses of invalidity based on IBM's WebSphere product as a prior art system. SAP also petitioned, in October 2024, for IPR predicated on printed publications describing the WebSphere product. At the time of the petitions, interim guidance from the Director to the Board was in effect that the Board would not "discretionarily deny institution in view of parallel court litigation where a petitioner presents a stipulation not to pursue in a parallel proceeding the same grounds or any grounds that could have reasonably been raised before the PTAB." Appx27. That guidance was to "remain in place until further notice." Appx33.

Relying on that guidance, SAP stipulated that should IPR be instituted it would not pursue in the civil litigation any ground for invalidity that it raised or reasonably could have raised as a ground for unpatentability in the IPR proceedings. However, on February 28, 2025, following a change in Presidential administrations, the Acting Director rescinded the interim guidance. And on April 7, 2025, the Board denied SAP's petitions based on the discretionary standard for denying IPR in situations of parallel civil proceedings that was the subject of the now-rescinded interim guidance. The Board reasoned, among other things, that the trial date set in the civil litigation "is set to be earlier than the projected deadline for entering a final written decision" and that SAP's proposed stipulation "has limited practical effect in reducing the overlapping efforts here and in the Litigation" because it would not prevent SAP from later asserting its defenses in the civil litigation based on the WebSphere system itself. Appx9, Appx11. On May 29, 2025, the Acting Director denied review. These petitions followed.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may

issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "'clear and indisputable'" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at 403). The petitioner must "lack adequate alternative means to obtain the relief" it seeks. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380. And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Given Congress committed institution decisions to the Director's discretion, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 358 (2018), and protected that exercise of discretion from judicial review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), mandamus is ordinarily unavailable for review of institution decisions—including decisions based on the standard for evaluating whether to institute in view of parallel civil litigation, *see Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1381 (Fed. Cir. 2021). We have noted possible exceptions for "colorable constitutional claims," *id.* at 1382, and certain statutory challenges, *see Apple Inc. v. Vidal*, 63 F. 4th 1, 12 n.5 (Fed. Cir. 2023). But SAP failed to raise its challenges before the agency. *See In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008) ("It is well-established that a party generally may not challenge an agency decision on a basis that was not presented to the agency"). And our decision in *In re Motorola Sols., Inc.*, No. 2025-134 (Fed. Cir. Nov. 6, 2025), ECF No. 44, forecloses relief on those issues.

Accordingly,

4                                                          IN RE SAP AMERICA, INC.

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

November 6, 2025
Date